UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-80403-RLR

JEFFREY BALSEWICH AND
HEATHER BALSEWICH,

      Plaintiffs,
vs.

BACKER LAW FIRM, P.A.,

      Defendant.
_____/.

**DEFENDANT'S MOTION TO DISMISS AND MOTION FOR ATTORNEY'S FEES**

Defendant, BACKER LAW FIRM, P.A., hereafter referred to as "BLF," pursuant to Rule 12(b)(6), Fed. R. Civ. P., moves the Court for an order dismissing Plaintiffs' Complaint for Damages with prejudice and without leave to amend and an award of its attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3). As grounds therefore, BLF states:

**I.  INTRODUCTION**

BLF represents Colony Preserve of Boynton Beach Homeowners Association, Inc. ("Association")(Complaint, ¶6.), a defendant named as a junior lienholder in a State Court first mortgage foreclosure action filed against Plaintiffs, JEFFREY BALSEWICH AND HEATHER BALSEWICH ("Homeowners"), by M & T Bank.  The Homeowners sued BLF in this court alleging that BLF violated the Fair Debt Collection Practices Act ("FDCPA") when it filed a motion in the State Court proceedings seeking attorney's fees as sanctions pursuant to Section 57.105, Fla. Stat., against Homeowners and their counsel. It is undisputed that BLF had not been attempting to collect any debt due the Association (as such is defined by law) or seeking any other affirmative relief (Complaint, ¶¶4-7); BLF's participation in the State Court action is (the

case and Association's motion remains pending in the State Court action) limited to attempting to bring the State Court action to a conclusion and seeking the recovery of attorney's fees incurred by the Association as sanctions against Homeowners and their counsel for their frivolous filings and dilatory tactics. An Appendix is attached to this Motion which includes the numerous filings by Homeowners and other documents in the State Court action which gave rise to Association's Motion for Sanctions. Citations to the Appendix herein are referred to as "App-" followed by the Appendix page number.

Homeowners' Complaint for Damages filed in the instant proceedings fails to state a claim against BLF upon which relief may be granted and is completely devoid of merit and unsupported by law. Without alleging that BLF's actions were in pursuit of the collection of a "debt" as a "debt collector" under the FDCPA, Plaintiffs have not plead a basis for recovery under the FDCPA. BLF's participation in mortgage foreclosure proceedings is limited to its role as legal counsel to a defendant junior lien holder.

## II.  FACTUAL BACKGROUND

M&T BANK, hereafter referred to as "Bank," filed a first mortgage foreclosure action against Homeowners and joined the Association as a defendant junior lien holder in Case No. 502012CA017277XXXXMB in the Circuit Court of the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida. Complaint, ¶¶4-7. Homeowners were defaulted in the Bank's State Court action on February 28, 2013 and the Bank obtained a Summary Final Judgment of Foreclosure against them on March 14, 2013. App- 1 and 2. The foreclosure sale was initially scheduled to take place on April 29, 2013 pursuant to the Judgment, but the foreclosure sale did not take place until more than one year later. After the Balsewiches delayed the sale by motioning the court on three separate occasions to have it rescheduled and after each of the

Balsewiches further delayed the sale by separately filing petitions seeking bankruptcy protection, the clerk's sale was held on June 11, 2014.  App- 7, 14, 16, 18, 20, 22, 23, 26, 29, 34, 40, 42 and 44.

After the June 11, 2014 foreclosure sale, Homeowners filed a number of motions and objections to the foreclosure sale and a number of motions to disqualify judges who ruled against them.  App- 45, 52, 59, 66, 73, 79, 81, 83, 85, 87, 89, 91, 93, 103, 113, 114, 133 and 155.  In response to Homeowners' various motions, BLF served and filed a Motion for Issuance of Certificate of Title and served a Motion for Sanctions on Association's behalf against Homeowners and their attorneys pursuant to Section 57.105, Fla. Stat. alleging that Homeowners' motions were frivolous and intended solely to delay the trial court proceedings (the Motion for Sanctions was later filed on November 12, 2014 as provided by the applicable statute).  App- 236 and 157.  BLF, on behalf of Association, subsequently served an Amended Motion for Sanctions pursuant to Section 57.105, Fla. Stat. upon the parties on February 4, 2015 and later filed the Motion on March 20, 2014. App- 195.

Association had scheduled a hearing on its Amended Motion for Sanctions for April 29, 2015, but Homeowners had requested that the hearing be canceled and subsequently requested an additional extension of time to reschedule the hearing.  App- 235 and 239.  It is the foregoing efforts to seek judicial sanctions against Homeowners and their counsel that are the actions that Plaintiffs allege are violations of the FDCPA.

### III.  LEGAL STANDARD FOR MOTION TO DISMISS

Consideration of a Motion to Dismiss requires this Court to accept as true all factual allegations in the Complaint and construe the facts in the light most favorable to the Plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004).  However, Courts are

not bound to accept as true a legal conclusion couched as a factual allegation.  Papasan v. Allain, 478 U.S. 265, 286 (1986).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007),  A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to raise a reasonable expectation that the defendant is liable for the misconduct alleged.  Id. at 556.  A pleading is insufficient if it offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action.  Id. at 555.  A complaint should be dismissed without leave to amend if leave would be futile.  Harris v. Ivax Corp., 182 F.3d 799, 807-808 (11th Cir. 1999); Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007); Edward v. BAC Home Loans Servicing, L.P., 534 Fed.Appx. 888, 891-92 (11th Cir. 2013).  The District Court has the authority to consider extrinsic documents without turning BLF's Motion to Dismiss into a Motion for Summary Judgment if they are  central to Homeowner's claim and their authenticity is not challenged. SFM Holdings, Ltd. V. Banc of America Securities, LLC,  600 F.3d 1334, 1337 (11th Cir. 2010).  The District Court is likewise authorized to take judicial notice of certain facts and consider public records that are attached to a motion to dismiss, including, but not limited to, those documents filed in the underlying State Court action against Homeowners and Homeowners' petitions for bankruptcy relief, without converting the motion to dismiss into a motion for summary judgment.  Fed. R. Evid. 201; Lozman v. City of Riviera Beach, Fla., 713 F.3d 1066, 1076 (11th Cir. 2013); U.S. ex rel. Osheroff v. Himana, Inc., 776 F.3d 805, 811 (11th Cir. 2015); and Bryant v. Avado Brands, Inc., 187 F. 3d 1271, 1277-78 (11th Cir. 1999).

### III.  LEGAL ARGUMENT

### A.  BLF HAD NOT BEEN SEEKING TO COLLECT A "DEBT" UNDER THE FDCPA.

As a matter of law, the FDCPA only imposes liability on "debt collectors" who fail to comply with its provisions when collecting a "debt." Buckman v. Am. Bankers Ins. Co. of Fla., 115 F. 3d 892, 894-95 (11th Cir. 1997).  In order to state a claim under the FDCPA, Plaintiffs must allege that they have been the object of collection activity arising from a consumer debt, that BLF is a debt collector as defined by the FDCPA and that BLF has engaged in an act or omission that is prohibited by the FDCPA.  Kaplan v. Assetcare, Inc., 88 F. Supp 2d 1355, 1360-61 (S.D. 2000); Fuller v. Becker & Poliakoff P.A., 192 F.Supp.2d 1361, 1366 (M.D. Fla. 2002).

It is undisputed that BLF had not been seeking to collect a debt as defined by the FDCPA. Homeowners have acknowledged that Association had not sought affirmative relief in the State Court proceedings; there was no cross claim filed in those proceedings seeking to collect delinquent assessments. Complaint, ¶¶4-7.  The attorney's fees that BLF is seeking to recover for Association as sanctions pursuant to Section 57.105, Fla. Stat., are not a "debt" as defined by the FDCPA.  A debt is defined by the FDCPA as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligation has been reduced to a judgment.   15 U.S.C. §1692a(5).[1]  To recover under the FDCPA, Homeowners must allege facts sufficient to establish that claim being pursued qualifies as a "debt." In Oppenheim v. I.C. System, Inc., 627 F.3d 833, 837 (11th Cir. 2010), the 11th Circuit held that, at a minimum, a transaction under the FDCPA must involve some kind of business dealing or other consensual obligation to create a debt.

---

[1] Contrary to Homeowners allegations in paragraph 8 of their Complaint, the term "debt" is not defined in 15 U.S.C. §1692a(3); the term "debt" is defined by 15 U.S.C. §1692a(5)

Homeowners' Complaint does not allege the existence of any transaction or any business dealing or consensual obligation between them and the Association.  BLF's effort to seek recovery of sanctions against Homeowners pursuant to Section 57.105, Fla. Stat., does not amount to an effort to collect a debt as defined by the FDCPA.  Homeowners' allegations in their Complaint in this case is similar to those which were held not to allege a debt under ths FDCPA in Beal v. Himmel & Bernstein, LLP, 615 F.Supp.2d 214 (S.D. NY 2009). In Beal, the Court granted Summary Judgment in favor of an attorney who was alleged to have violated the FDCPA by seeking an award of attorney's fees against the opposing party. The Court held that an effort to recover attorney fees in those proceeding was not a claim seeking to recover a debt as defined by the FDCPA since it did not arise out of any consumer transaction.

B.  **BLF IS NOT A DEBT COLLECTOR AND A MORTGAGE FORECLOSURE ACTION IS NOT A DEBT COLLECTION ACTIVITY UNDER THE FDCPA.**

BLF is not a "debt collector" under the FDCPA in the context of representing the Association in the underlying State Court action since the State Court action to foreclosure a mortgage is not a debt collection activity that is governed by the FDCPA.

The term "debt collector" under the FDCPA means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  15 U.S.C. §1692a(6).  For the purpose of 15 U.S.C §1692f(6), the term "debt collector" includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.  Id.  Homeowners' Complaint does not allege that BLF engaged in any activities that would result in its being construed as a debt collector in the

State Court proceedings. BLF's role in that case is solely to defend Association position as a junior lien holder and to move the case towards a prompt conclusion.

In Ausar-El ex rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP, 448 Fed.Appx 1 (11th Cir. 2011), a property owner sued a mortgagee for alleged violations of the FDCPA after the mortgagor defaulted on his obligations and after the mortgagee pursued foreclosure proceedings. The 11th Circuit Court of Appeals held that the enforcer of a security interest only qualifies as a debt collector for the purpose of 15 U.S.C. §1692f(6). Id. The 11th Circuit Court of Appeals affirmed the trial court's order granting the mortgagee's motion to dismiss the property owner's complaint since the mortgagee was not acting as a debt collector by pursuing foreclosure proceedings to enforce its security interest in the property owner's property. Id. at 2. In Hasbun v. Recontrust Co., N.A., 508 Fed.Appx. 941, 942 (11th Cir. 2013), the 11th Circuit Court of Appeal affirmed the dismissal of a property owner's complaint against the mortgagee's substitute trustee for FDCPA violations. While the 11th Circuit Court of Appeal held in Hasburn that creditors and their fiduciaries are not "debt collectors" under the FDCPA, the Court also expressly held that the substitute trustee was not a debt collector subject to the FDCPA since, like BLF in the underlying State Court action, it was not demanding the payment of a debt and was only pursuing foreclosure. Id. In Warren v. Countrywide Home Loans, Inc., 342 Fed.Appx. 458 (11th Cir. 2009), a property owner sued a mortgagee for violations of the FDCPA. The 11th Circuit Court of Appeals held that, under the FDCPA, a person in the business of enforcing a security interest is a debt collector for the purpose of 15 U.S.C §1692f(6); however, such a person is not a debt collector for the other sections of the FDCPA. Id. at 460. The 11th Circuit Court of Appeals held that, if a person enforcing a security interest is not a debt collector, the enforcement of a security interest through the foreclosure process, like the Bank's

proceedings in the underlying State Court action against Homeowners, is not debt collection for purposes of the FDCPA. Id. The Court held that the property owner did not, *and could not,* state a claim against the mortgagee based on its foreclosure sale of the property owner's home. Id. at 461.

If the Bank's mortgage foreclosure action in the underlying State Court action is not a debt collection activity and the Bank, in those proceedings, is not a debt collector under the FDCPA, then BLF, in the context of representing a defendant Association solely as a junior lien holder defendant in those proceedings seeking no affirmative relief cannot be construed to be a debt collector under the FDCPA. Homeowners admit in Paragraph 6 of their Complaint that the Association is not pursuing any affirmative claims in the underlying State Court action. BLF's participation was limited to attending hearings on Homeowners' three (3) Motions to reschedule the foreclosure sale, scheduling hearings to reschedule the foreclosure sale following the discharge and dismissal of Homeowners' bankruptcy proceedings, scheduling hearings on Homeowners' post-judgments filings based upon their objections to service of process, filing a Motion for Issuance of Certificate of Title and seeking attorney's fees as sanctions pursuant to Section 57.105, Fla. Stat., against Homeowners and their counsel. It is respectfully submitted that scheduling hearings, attending hearings and seeking sanctions for alleged frivolous filings are not activities that rise to the "collection of a debt" pursuant to the FDCPA. Homeowners, Complaint recited solely statutory definitions under the FDCPA, certain basic elements of a claim for an FDCPA violation and mere conclusions of law. Homeowners' Complaint fails to state a claim upon which relief may be granted since they have not and are unable to plead any allegations that BLF has been acting as a debt collector in the State Court action. Likewise, Homeowners have not and are unable to plead any allegations that they are the object of a

collection activity under the FDCPA in the context of the State Court action.  As a matter of law, Homeowners' Complaint fails to state a claim upon which relief may be granted.

**C. HOMEOWNERS FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED EVEN IF THEIR COMPLAINT IS CONSTRUED TO ALLEGE VIOLATIONS OF 15 U.S.C. §1692e(5).**

15 U.S.C. §1692e provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, under 15 U.S.C. §1692e(5), threatening to take any action that cannot legally be taken or that is not intended to be taken. Since BLF is not a debt collector as defined by the FDCPA, the foregoing section of the FDCPA does not apply to BLF; however, even if BLF were to be construed as a debt collector in the underlying State Court proceedings, BLF is not alleged by Homeowners to have threatened action that cannot be legally taken or that it did not intend to take. On the contrary, BLF is alleged to have filed a motion seeking sanctions. The motion remains pending and has not yet been adjudicated in the State Court proceedings. Section 57.105, Fla. Stat. expressly authorizes the motion BLF filed.  BLF has not merely made idle threats to file such a motion; it filed the motion and has attempted to have it scheduled for hearing before the Court. It is submitted that one cannot be said to have merely threatened action which it did not intend to pursue when one has actually taken such action. Moreover, it cannot be said that one lacked the authority to take certain legal action simply because one opposes the action as a litigant in a proceeding and believes that the motion lacks factual support; whether the motion is properly made and supported by the facts is a matter which remains to be determined in the State Court proceedings.

In <u>Newman v. Ormond</u>, 456 Fed.Appx. 866 (11th Cir. 2012), the 11th Circuit Court of Appeals considered the exact same issue that is before this Court.  In <u>Newman</u>, the issue

concerned whether a debt collector violated 15 U.S.C. §1692e(5) by threatening to take legal action that he had not intended to take. The Court, in <u>Newman</u>, expressly held that a claim under 15 U.S.C. §1692e(5) requires proof of a fact which amounts to a per se violation and concluded that there can be no violation of 15 U.S.C. §1692e(5) based upon allegations of a debt collector's threat to take action that was not intended to be taken if the action was, ultimately, attempted or taken.  The Court in <u>Newman</u>, concluded that that there was no violation of 15 U.S.C. §1692e(5) since the record reflected that the debt collector had actively attempted to pursue the actions it had threatened. In the instant case, like the debt collector in <u>Newman</u>, there is no allegation that BLF merely threatened to file a motion for sanctions; it is alleged that BLF actually filed the motion. It is not a violation of the FDCPA to take a position in a pending lawsuit and pursue what one believes is his client's rights. Accordingly, Homeowners failed to state a claim for relief against BLF for a violation under 15 U.S.C. §1692e(5).

### D.  HOMEOWNERS INCURRED NO DAMAGES

Homeowners' Complaint alleges that they incurred damages in the form of "increased legal expenses and emotional distress."  Homeowners' Complaint fails to state a claim upon which relief may be granted for damages under the FDCPA when, as more fully set forth elsewhere in this memorandum, inadequate facts have been alleged to establish that BLF is acting to collect a "debt" and inadequate facts have been alleged to establish that BLF is a "debt collector" in the State Court proceedings.

In <u>Coursen v. Shapiro Fishman, GP</u>, 588 Fed.Appx. 882 (11th Cir. 2014),  a homeowner filed a complaint under the FDCPA (among other claims) against the law firm who had represented the mortgagee in the foreclosure of her home.   The homeowner in <u>Coursen</u> had alleged that she suffered damages in the form of pain and suffering and damages from losing her

home, losing the equity in her home and having her credit damaged.  The Court in Coursen held that her claims failed on the merits since she had shown no damages resulting from the law firm's alleged conduct.  Id. at 886.  In Coursen, the homeowner conceded that she failed to make several loan payments and, as a result, the homeowner had defaulted on her mortgage loan and was subject to foreclosure.  The Court held that, since the homeowner's damages are attributable to her own failure to make her mortgage payments, she cannot establish a causal link between her damages and the law firm's conduct.  Id.  Like the homeowner in Coursen, Homeowners in the instant action were defaulted in the foreclosure action and were deemed to have admitted that they were in default of their mortgage.  The issue of their delinquency has already been adjudicated in the State Court action and a judgment of foreclosure has already been entered concluding that they were delinquent. Like the homeowner in Coursen, any damages that Homeowners allegedly incurred are attributable to their own failure to pay their mortgage; there is no causal link between their alleged damages and BLF's conduct.  Without allegations of a causal link, Homeowners have not alleged entitlement to damages under the FDCPA, a necessary element of their claim.

## MOTION FOR ATTORNEY'S FEES AND COSTS

15 U.S.C. §1692k(a)(3) of the FDCPA provides that, on a finding by the Court that an action was brought in bad faith or for the purpose of harassment, the Court may award to defendant attorney's fees reasonable in relation to the work expended and costs.  BLF submits that, based on the record in the underlying State Court action and the manner in which Defendant had been litigating those proceedings, the Complaint filed in the instant action was undisputedly filed in bad faith and for the sole purpose of harassment BLF in response to BLF's efforts to recover attorney's fees as sanctions against Homeowner in the State Court action pursuant to

Section 57.105, Fla. Stat.  BLF submits that Homeowners filed these proceedings solely to obtain leverage in and to retaliate against BLF for its representation of its Association client in the State Court action.

## CONCLUSION

Since Homeowners have failed to state a claim upon which relief may be granted and since any amendment would be futile and would not state a claim against BLF for violation of the FDCPA, Homeowners' Complaint filed herein should be dismissed with prejudice without leave to amend.

WHEREFORE, Defendant, BACKER LAW FIRM, P.A., respectfully requests that the Court enter an Order dismissing the Complaint filed herein with prejudice, find that these proceedings were filed in bad faith and for the purpose of harassment and award Defendant, BACKER LAW FIRM, P.A., its reasonable attorney's fees and costs incurred herein.

Dated: April 20, 2015.                    Respectfully submitted,

By:/s/ Ryan M. Aboud, Esq.
   Ryan M. Aboud, Esq.
   Florida Bar No. 27366
   Ryan@BackerLawFirm.com
   Backer Law Firm, P.A. Firm Name
   400 South Dixie Highway, Suite 420
   Boca Raton, FL 33432
   Telephone: (561) 361-8535
   Facsimile: (561) 361-3491
   Attorney for Defendant,
   Backer Law Firm, P.A.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on this 20th day of April, 2015 on counsel indicated in the Service List on the following page.

By:/s/ Ryan M. Aboud, Esq.
   Ryan M. Aboud, Esq.

## SERVICE LIST

Jeffrey N. Golant, Esq.
jgolant@jeffreygolantlaw.com
The Law Offices of Jeffrey N. Golant, P.A.
1000 W. McNab Rd., Suite 150
Pompano Beach, FL 33069
Telephone: (954) 942-5270
Facsimile: (954) 942-5272
Attorney for Plaintiffs,
Jeffrey Balsewich and Heather Balsewich