IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:   CASE NO: 9:15-cv-80403-RLR

JEFFREY BALSEWICH and
HEATHER BALSEWICH, on
Behalf of Themselves and Others Similarly
Situated.

     Plaintiffs,

vs.

BACKER LAW FIRM, P.A.

     Defendant.

_____/

### AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF

     Plaintiffs Jeffrey Baleswich and Heather Balsewich, on behalf themselves and others similarly situated, hereby sue Defendant Backer Law Firm, P.A.  Plaintiffs seek damages on their own behalf, as well as injunctive relief on behalf of themselves and others similarly situated.  Plaintiffs file this Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) as a matter of course.

### I.  THE PARTIES, JURISIDICTION AND VENUE

     1.     Plaintiffs Jeffrey Basewich and Heather Balsewich are natural persons, over the age of 21.  They are citizens of the State of Florida and residents of Palm Beach County.  They are married to each other, and are "consumers" as that term is defined by 15 U.S.C 1692a(3).

     2.     Defendant Backer Law Firm, P.A. is a Florida corporation with its principle place of business in Boca Raton, Florida.  Backer Law Firm, hereafter referred to as "Backer", is engaged in the practice of law on behalf of condominium associations and homeowners

associations. A substantial portion of Backer's practice relates to the collection of consumer debts alleged to be owed to Backer's condominium association and homeowner association clients. As the United States Supreme Court held in *Heitz v. Jenkins,* 514 U.S. 291 (1995), the Fair Debt Collection Practices Act, (15 U.S.C 1692 et. seq.) (hereinafter "FDCPA") applies to attorneys engaged in the collection of consumer debts through litigation.

3. Plaintiffs assert individual claims against Backer under the FDCPA. Accordingly, this Court has federal question jurisdiction over the FDCPA dispute between Borrower and Servicer under 28 USC § 1331. Plaintiffs also assert a supplemental state law claim on behalf of a class including themselves and others similarly situated, under section 559.72(9), Florida Statues. This statute is also known as the "Florida Consumer Collect Practices Act" or "FCCPA." Plaintiffs seek only injunctive relief for their FCCPA class claim. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the FCCPA class claim.

### III.    GENERAL ALLEGATIONS COMMON TO ALL COUNTS

4. At all material times, Plaintiffs owned a home located in Boynton Beach, Florida. This property was, and remains, Plaintiffs' primary residence.

5. Plaintiffs fell behind on their mortgage, and are currently defendants in a state court mortgage foreclosure action.

6. As of the date of this pleading, Plaintiffs have been in the process of negotiating a resolution of their mortgage default and expect to come to a resolution that would resolve the default and the related foreclosure litigation. During the most recent proceedings in the state court foreclosure action, counsel for the foreclosure plaintiff advised the presiding judge that the parties were close to negotiating a resolution the claims arising from the mortgage default.

7. Plaintiffs' property is part of a common ownership association known as Colony Preserve Homeowners Association, referred to hereafter as "Colony Preserve." As owners of a property that is part of Colony Preserve, Plaintiffs are obligated to pay periodic assessments, and potentially special assessments, to contribute to the common expenses incurred by Colony Preserve.

8. Colony Preserve has asserted and continues to assert that Plaintiffs failed to pay all of the required assessments when due, and retained Backer to collect these funds from Plaintiffs.

9. Backer regularly uses the instrumentalities of interstate commerce, including the mail, telephone, and internet, to collect consumer debts, and is therefore a "debt collector" as that term is defined by 15 U.S.C 1692a(6). Backer maintains an internet site through which it advertises debt collection services to condominiums and homeowners associations. A true and correct copy of the relevant portion of its internet site is attached hereto as Exhibit "A."

10. As discussed in Backer's internet site, Backer routinely enters into agreements with condominium associations and homeowners associations whereby it performs litigation related collection services on behalf of the condominium or homeowners association, but is compensated based only when it collects from the property owner who is alleged to owe the debt. Thus, Backer undertakes to collect monies allegedly owed to the condominium or homeowners association on a contingent or partially contingent basis, and attempts to collect more than the agreed upon fee from the property owner through court awarded shifted fees. In so doing, Backer uses a variety of different legal theories, including seeking sanctions under section 57.105.

11.     Under Florida law, Backer's efforts to collect a larger amount of attorneys fees from a property owner than its arrangement with the condominium or homeowners association allows, is unlawful.  As the Florida Supreme Court explained in *Florida Patients Compensation Fund v. Rowe*, 472 So.2d 1145, 1151 (Fla. 1985)  "…in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client."  Backer routinely pursues court awarded fees from property owners that are larger than the amount Backer's client is contractually obligated to pay to Backer.  In Plaintiffs' case, Backer is currently pursuing an award of sanctions under section 57.105 representing that Colony Preserve has "incurred" attorneys fees in connection with litigation conduct that Backer attributes to Plaintiffs. In fact Backer's client has actually incurred no fees in connection with any litigation attributable to Plaintiffs. To the contrary, but for post-judgment conduct related to Backer's unlawful effort to collect attorneys from Plaintiffs that exceed those that authorized by the contract between Backer and Colony Preserve, neither Plaintiffs nor Colony Preserve have ever pursued any claims against each other.

12.     Notably, while Backer has appeared in the state court foreclosure lawsuit involving Plaintiffs' on behalf of Colony Preserve, it does not appear to have rendered any substantive legal services to Colony Preserve whatsoever.  Rather all of its conduct has been aimed at collecting money from Plaintiffs through indirect means.  Indeed, despite the fact that Colony Preserve is a named defendant in that action,  Backer has not raised any defense, counter-claims, or cross-claims on its behalf.

## **IV- COUNT I VIOLATION OF 15 U.S.C. § 1692(e)2**

### **(Individual Claim)**

13.     Plaintiffs re-allege and incorporate by reference their allegations in Paragraphs 1 through 12 above.

14.     15 U.S.C. § 1692(e)(2) prohibits a debt collector from making false representations concerning the character, amount, or legal status of any debt.   In the case at bar, Backer has violated this prohibition by representing that Colony Preserve has incurred legal fees in connection with Plaintiffs, when in fact it has not.

15.     Backer has also violated this prohibition by representing that Backer is legally entitled to recover from Plaintiffs more than Colony Preserve has agreed to pay it.

16.     Backer has similarly violated this prohibition by representing that it is entitled to collect any attorneys from Plaintiffs whatsoever, when in fact there is nothing giving rise to any such entitlement.

17.     As a result of Backer's violations of this prohibition, Plaintiffs have been damaged.  Their damages include increased legal expenses in the state court foreclosure litigation and emotional distress.

18.     In addition to actual damages, Defendant is liable to Plaintiffs for statutory damages as well as their attorney's fees and litigation costs incurred in the prosecution of this action.

WHEREFORE,  Plaintiffs respectfully request that this Honorable Court enter judgment in their favor in the entire amount of their damages, together with an award of attorneys fees and costs.

## IV- COUNT II VIOLATION OF 15 U.S.C. § 1692(e)5

### (Individual Claim)

19. Plaintiffs re-allege and incorporate by reference their allegations in Paragraphs 1 through 12 above.

20. 15. U.S.C. § 1692(e)5 prohibits a debt collector from threatening to take any action that cannot legally be taken. Backer has violated this prohibition by threating to pursue an award of attorneys' fees against Plaintiffs without any valid legal basis to do so.

21. Backer has also violated this prohibition by threatening to pursue an award of attorneys' fees against Plaintiffs despite the fact that Colony Preserve has not incurred any attorneys' fees in connection with any litigation initiated by or defended by Plaintiffs, or alternatively, by seeking to recover more attorneys fees from Plaintiffs than Colony Preserve has agreed to pay Backer.

22. As a result of Backer's violations of this prohibition, Plaintiffs have been damaged. There damages include increased legal expenses in the state court foreclosure litigation and emotional distress.

23. In addition to actual damages, Backer is liable to Plaintiffs for statutory damages as well as their attorney's fees and litigation costs incurred in the prosecution of this action.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor in the entire amount of their damages, together with an award of attorneys fees and costs.

## V. – COUNT III VIOLATION OF 15 U.S.C. § 1692(f)6

### (Individual Claim)

24. Plaintiffs re-allege and incorporate by reference their allegations in Paragraphs 1 through 12 above.

25. 15 U.S.C. § 1692(f) generally prohibits the use of unfair or unconscionable means to collect a debt.

26. On or about April 4th, 2015, Backer instructed the Colony Preserve management company to disconnect the electronic devices that enabled Plaintiffs to pass through the security gate restricting access to Colony Preserve, and, by extension, to their own home.

27. At the time it gave this instruction Plaintiffs were, and still are, in lawful possession of their home and Backer knew or should have known this fact.

28. As a direct consequence of Backer's instruction, Plaintiffs were unable to freely leave and return to their home for an extended period of time

29. Backer instructed the Colony Preserve management company to obstruct Plaintiffs' access to their home, solely for purposes of harassment in order to facilitate its efforts to collect the asserted debt from Plaintiffs.

30. As a result of Backer's violation of this prohibition, Plaintiffs have been damaged. Their damages include emotional distress.

31. In addition to actual damages, Defendant is liable to Plaintiffs for statutory damages as well as their attorney's fees and litigation costs incurred in the prosecution of this action.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor in the entire amount of their damages, together with an award of attorneys fees and costs.

## VI.  COUNT IV- VIOLATION OF SECTION 559.72(9)

### (Class Claim)

32. Plaintiffs re-allege and incorporate by reference their allegations in Paragraphs 1 through 12 above.

33. Section 559.72(9) of the Florida Consumer Collection Practices Act (FCCPA) prohibits any person engaged in the collection of consumer debts from "…assert[ing] the existence of some other legal right when such person knows that the right does not exist."

34. Section 559.77(2) of the FCPA expressly authorizes a court to award injunctive relief in a private action brought by an aggrieved individual..

35. Backer systematically and routinely violates the above cited provisions of section 559. 72(9) by asserting the right to collect attorneys from homeowners alleged to owe money to condominium associations and homeowners associations arising from maintenance obligations, including Plaintiffs, in an amount larger than the amount Backer's client has agreed to pay.

36. Backer's practices have injured, and will continue to injure, Plaintiffs and other members of the class if they are not enjoined.

37. This action is brought on behalf of a single class defined as follows:

**Class**

All persons in the State of Florida who were charged attorneys' fees purportedly incurred by a condominium or homeowners association allegedly for legal services purportedly rendered by Backer in an amount greater than the condominium association or

> homeowners association contractually agreed to pay Backer, in connection with the collection of maintenance assessments allegedly owed by the homeowner to the condominium or homeowners association.

37. Plaintiffs allege, on information and belief, that the class is so numerous that joinder of all members of the class is impractical.

38. There are common questions of law and fact that apply equally to all class members presented in this action sand that predominate over issues that are applicable only to individual class members. These issues include:

(a) Whether Backer is permitted to charge property owners more than the condominium association or homeowners association has contractually obligated itself to pay Backer for legal services rendered in connection with purportedly delinquent maintenance fees.

(b) Whether Backer has in fact charged, and continues to charge, property owners more than the condominium association or homeowners association has contractually obligated itself to pay for legal services rendered in connection with purportedly delinquent maintenance fees.

39. Plaintiffs' claim is typical of those of the class members. All claims are based on the same facts and legal theories.

40. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in consumer protection litigation. Neither Plaintiffs nor their counsel have any interests that might cause them not to vigorously pursue this action.

41. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Backer has acted on grounds generally applicable to the

class thereby making appropriate relief with respect to the class as a whole.  Injunctive relief is appropriate and necessary to cause the illegal charges to stop.

42.     Pursuant to section 559.77(2) Plaintiffs and the class are entitled to an award of attorneys' fees and litigation costs if they prevail in this action.

WHEREFORE,  Plaintiffs on behalf of themselves and all other similarly situated respectfully request that this Honorable Court enter a permanent injunction prohibiting Backer from continuing to attempt to collect attorneys' fees from property owners in connection with condominium and homeowners association collection activity in an amount that is larger than the condominium or homeowners association is contractually obligated to pay itself, together with an award of attorneys' fees and litigation costs related to the prosecution of this litigation.

## DEMAND FOR TRIAL BY JURY

Borrower demands trial by jury on all claims so triable.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed using CM/ECF on May 7th, 2015 and was served upon all counsel of record by Notice of Electronic Filing generated by CM/ECF, including counsel for Defendant Backer Law Firm identified below:

**Ryan M. Aboud**
Backer Law Firm
400 S Dixie Highway
Suite 420 The Arbor
Boca Raton, FL 33432
Email: Ryan@BackerLawFirm.com

        Respectfully Submitted,

        THE LAW OFFICES OF JEFFREY N. GOLANT, P.A.

        1000 W. McNAB RD. STE. 150
        POMPANO BEACH, FL 33069
        Phone:  (954) 942-5270
        Fax:     (954) 942-5272
        Email:   jgolant@jeffreygolantlaw.com
        By: **/S/ JEFFREY N. GOLANT ESQ.**
        Fla. Bar. No. 0707732
        Attorney for Plaintiffs Jeffrey and Heather Balesewich